IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ERNEST PETTWAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | |
| | ) | FILE No. 1:19-cv-04308-JPB-JKL |
| NATIONAL CREDIT SYSTEMS, | ) | |
| INC., | ) | |
| | ) | |
| Defendant. | ) | |

## STATEMENT OF UNDISPUTED MATERIAL FACTS

Pursuant to Local Rule 56.1(B)(1), Judge J. P. Boulee's *Standing Order Regarding Civil Litigation* at III.m, and the *Magistrate Judge's Scheduling Order and Instructions Regarding Management on Civil Cases* [Doc. 11], National Credit Systems, Inc. ("NCS" or "Defendant") files its *Statement of Undisputed Material Facts* in support of *Defendant National Credit Systems, Inc's Motion for Summary Judgment and Brief in Support* as follows:

1

| | Undisputed Facts | Evidence in Support |
|---|---|---|
| 1. | For 29 years, NCS, as a third-party debt collector, has provided collection services to landlords and property managers for outstanding breach of lease debts. | Exhibit "A" (Declaration of Ron Sapp) at APX 003 (¶3). |
| 2. | NCS, in all its collection agreements, requires the original creditor/property manager to verify the accuracy of every account placed for collection with NCS. | Exhibit "A" (Declaration of Ron Sapp) at APX 008 (¶12). |
| 3. | In addition, upon receiving a placement and entering the information into its system, NCS generates a *New Business Acknowledgement Report* for each new placement which requires the original creditor/property manager to verify the responsible parties and accuracy of the amount placed for collection. | Exhibit "A" (Declaration of Ron Sapp) at APX 008-009 (¶12). |

| | | |
|---|---|---|
| 4. | Specifically, the Acknowledgement Report provides the name(s) of the responsible parties under the lease, the account number, and the amount sought to be collected; then it requires the original creditor/property manager to review the information and "confirm the accuracy of the amounts being submitted for collection" noting that, "it is of critical importance that NCS pursues recovery on verifiably correct account balances only from the parties that are legally responsible." | Exhibit "A" (Declaration of Ron Sapp) at APX 009 (¶12). |
| 5. | In addition to that verification, NCS requires an itemized statement explaining the charges comprising the principal amount of the debt, which is typically known as the final account statement and a signed lease by the alleged debtor. | Exhibit "A" (Declaration of Ron Sapp) at APX 009 (¶¶12-13). |
| 6. | As property managers and leasing offices are familiar with the calculation of amounts owed pursuant to their leases, it is NCS's experience that it can rely on the | Exhibit "A" (Declaration of Ron Sapp) at APX 004 |

| | | |
|---|---|---|
| | accuracy of those final account statements when collecting these alleged debts. | (¶3). |
| 7. | NCS was hired by Bridge Property Management, which is the agent of, and manages an apartment community owned by, ROC II Oakley Park, LLC, that goes by the business name "Oakley Park Apartments" (collectively, the "Original Creditor") to collect certain debts allegedly owed by former tenants, including a debt allegedly owed by Plaintiff. | Exhibit "A" (Declaration of Ron Sapp) at APX 004-005 (¶5). |
| 8. | Plaintiff's alleged Debt followed NCS's verification requirements with the Original Creditor providing the verified principal amount of the debt in the form of a *Security Deposit Report*, a copy of the signed *Apartment Rental Contract,* and a *New Business Acknowledgement Report* separately verifying the accuracy of the Debt. | Exhibit "A" (Declaration of Ron Sapp) at APX 004 (¶¶3, 12). |

| | | |
|---|---|---|
| 9. | A true and correct copy of Plaintiff's *Apartment Rental Contract* including the Pet Addendum and Liquidated Damages Addendum provided by the Original Creditor to NCS is attached to the APX as <u>Exhibit 2</u>. | Exhibit "A" (Declaration of Ron Sapp) at APX 005 (¶5), Exhibit "2" at APX 030-041. |
| 10. | In addition, a true and correct copy of the *Security Deposit Report* (also known as, and referred to herein as, a "Final Account Statement" or "FAS") provided by the Original Creditor to NCS is attached to the APX as <u>Exhibit 3</u>. | Exhibit "A" (Declaration of Ron Sapp) at APX 005 (¶5), Exhibit "3" at APX 043-045. |
| 11. | This Final Account Statement describes all amounts that comprise the principal amount of the debt of $1,009.70 allegedly owed by Plaintiff to the Original Creditor (the "Debt") which is the amount NCS sought to collect from Plaintiff. | Exhibit "A" (Declaration of Ron Sapp) at APX 005 (¶5), Exhibit "3" at APX 043-045. |
| 12. | On or about November 4, 2015, the Original Creditor placed Plaintiff's account with NCS for collection and | Exhibit "A" (Declaration of Ron |

| | | |
|---|---|---|
| | pursuant to the Final Account Statement, the Original Creditor calculated the principal amount owed pursuant to the Lease as $1,009.70. | Sapp) at APX 006 (¶7), Exhibit "3" at APX 043-045. |
| 13. | When collecting this principal amount owed as calculated by the Original Creditor, NCS does not add any interest, fees, expenses, or other charges. | Exhibit "A" (Declaration of Ron Sapp) at APX 005-006 (¶¶5, 7), Exhibit "4" at APX 049. |
| 14. | NCS attempted to collect the Debt from Plaintiff from November, 2015 until NCS was put on notice of Plaintiff's Bankruptcy that was filed on September 18, 2018. | Exhibit "A" (Declaration of Ron Sapp) at APX 006 (¶8). |
| 15. | During that time, NCS never received any communication from Plaintiff disputing the amount of the Debt. | Exhibit "A" (Declaration of Ron Sapp) at APX 006-007 (¶8). |

| 16. | Plaintiff listed the NCS Debt on Verified Schedule E/F at p. 6, Section 4.9, as a disputed debt, not subject to any offset, in the amount of $1,009.00 (the same amount, rounded, claimed by the Original Creditor). | Exhibit "A" (Declaration of Ron Sapp) at APX 006 (¶6), Exhibit "5" at APX 076, Section 4.9. |
| --- | --- | --- |
| 17. | A true and correct copy of Plaintiff's Ch. 13 Bankruptcy *Petition* [BK Doc. 1] filed September 18, 2018 in Case No. 18-65668-jrs that includes Plaintiff's Verification on p. 7 and *Schedule A/B* and *Schedule E/F* is attached to the APX as <u>Exhibit 5</u>. | Exhibit "A" (Declaration of Ron Sapp) at APX 005 (¶6), Exhibit "5" at APX 057, Part 7; APX 059-065; and APX 071-077. |
| 18. | The docket sheet, a true and correct copy of which is attached to the APX as <u>Exhibit 6</u>, for Plaintiff's Bankruptcy indicates that only the Schedule A/B was amended. | Exhibit "A" (Ron Sapp) at APX 005 (¶6), Exhibit "6" at APX 104-105. |

| | | |
|---|---|---|
| 19. | A true and correct copy of Plaintiff's verified *Amended Schedule A/B* at BK Doc. 28 is attached as Exhibit 7, shows that Plaintiff did not list any claims against third parties, demands, counterclaims or lawsuits in response to Questions 33 and 34. | Exhibit "A" (Declaration of Ron Sapp) at APX 005-006 (¶6), Exhibit "7" at APX 112-119. |
| 20. | On November 26, 2018, NCS filed its Proof of Claim in Plaintiff's Bankruptcy, a true and correct copy of which is attached to the APX as Exhibit 1. | Exhibit "A" (Declaration of Ron Sapp) at APX 007 (¶9), Exhibit "1" at APX 014-028. |
| 21. | When filing proofs of claim, NCS follows Rule 3001 of the Federal Rules of Bankruptcy Procedure which provides that, "A proof of claim is a written statement setting forth a creditor's claim." | Exhibit "A" (Declaration of Ron Sapp) at APX 007 (¶9). |

| | | |
|---|---|---|
| 22. | NCS understands that filing a proof of claim in a bankruptcy proceeding is not an attempt to collect a debt from, or collection communication to, the debtor that would violate the automatic stay provided by 11 U.S.C. § 362, rather it is a procedural mechanism necessary in bankruptcy to preserve the creditor's right to any payment. | Exhibit "A" (Declaration of Ron Sapp) at APX 007 (¶9). |
| 23. | To comply with Rule 3001(c)(1) "Claim Based on a Writing," NCS followed its regular practice in filing proofs of claims in bankruptcy cases, and attached are both the Final Account Statement for the Debt and a copy of Plaintiff's Lease to the Proof of Claim. | Exhibit "A" (Declaration of Ron Sapp) at APX 007 (¶10), Exhibit "1" at APX 014-028. |
| 24. | In addition, in responding to Question 7 of the Proof of Claim, as NCS only collects the "principal amount" of the debt as calculated by the Original Creditor without adding any "interest, fees, expenses, or other charges," NCS checked the applicable box, "no." | Exhibit "A" (Ron Sapp) at APX 007-008 (¶11), Exhibit "1" at APX 015; Part 2, Question 7. |

| | | |
|---|---|---|
| 25. | Notably, the FDCPA § 1692f(1) precludes NCS from adding any such "interest, fee, charge, or expense incidental to the principal obligation unless authorized by the [lease]," compelling NCS to accurately respond to Question 7 as "no." | Exhibit "A" (Declaration of Ron Sapp) at APX 008 (¶11), Exhibit "1" at APX 015; Part 2, Question 7. |
| 26. | To the extent an argument was made that any amounts comprising the principal amount of the debt were considered "other charges" subject to Rule 3001(c)(2)(A), NCS satisfied the requirement to provide a statement itemizing all charges by attaching the Final Account Statement to the Proof of Claim. | Exhibit "A" (Declaration of Ron Sapp) at APX 007-008 (¶11), Exhibit "1" at APX 028. |
| 27. | Plaintiff did not file any objection to the Proof of Claim filed by NCS. | Exhibit "A" (Declaration of Ron Sapp) at APX 007 (¶8), Exhibit "6" at APX 103-109. |

| 28. | As NCS is not required by the FDCPA to interpret any contract (here, the Lease), nor investigate the debt prior to collection, NCS does not perform an independent investigation as to the amount of the Debt at the time of placement. | Exhibit "A" (Declaration of Ron Sapp) at APX 009 (¶13). |
|---|---|---|
| 29. | Had Plaintiff disputed the Debt, that would have initiated an investigation process with an expanded set of policies and procedures to ensure the accuracy of any reporting and amount sought following the receipt of a dispute. | Exhibit "A" (Declaration of Ron Sapp) at APX 009 (¶13). |
| 30. | As Plaintiff never disputed the Debt before Plaintiff's Bankruptcy and did not file any objection to the Proof of Claim, those additional policies and procedures were never invoked. | Exhibit "A" (Declaration of Ron Sapp) at APX 009-010 (¶13). |
| 31. | NCS has been collecting apartment debt for Bridge Property Management, the property manager for the Original Creditor, since approximately 1996, including | Exhibit "A" (Declaration of Ron Sapp) at APX 010 |

| | | |
|---|---|---|
| | over 7,500 accounts. | (¶14). |
| 32. | NCS performed a lawsuit review covering the past six years by original creditor and confirmed that NCS has not defended any other lawsuits involving the Original Creditor resulting from a dispute regarding the calculation of the amount due under the lease or alleged charging of amounts not authorized by the Lease. | Exhibit "A" (Declaration of Ron Sapp) at APX 010 (¶14). |
| 33. | Because NCS has not had any recent lawsuits or recurring issues of alleged miscalculations or other errors in preparing final account or deposit statements by the Original Creditor from the thousands of placements, NCS reasonably relied on the verification of the Debt provided by the Original Creditor during the placement phase. | Exhibit "A" (Declaration of Ron Sapp) at APX 010 (¶14). |
| 34. | NCS' procedures regarding setting up a new account, including required final account statement and | Exhibit "A" (Declaration of Ron |

| | | |
|---|---|---|
| | required client verification as to accuracy, are specifically designed to ensure that NCS seeks to collect accurate debts and furnishes accurate information to third parties. | Sapp) at APX 010-011 (¶15). |
| 35. | These procedures at issue in this case are continually monitored and tested to ensure they are reasonably adapted to prevent the specific errors alleged by Plaintiff including a lawsuit review. | Exhibit "A" (Declaration of Ron Sapp) at APX 011 (¶15). |
| 36. | NCS does not intentionally seek to collect or report inaccurate debts or amounts not authorized to be collected under a lease or other contract. | Exhibit "A" (Declaration of Ron Sapp) at APX 011 (¶15). |
| 37. | As such, if any inaccurate information was sought to be collected or reported by NCS, it is the result of a bona fide error notwithstanding NCS's policies and procedures in place to prevent such errors. | Exhibit "A" (Declaration of Ron Sapp) at APX 011 (¶15). |

Dated: June 26, 2020.

Respectfully submitted,

/s/Craig J. Ehrlich
Craig J. Ehrlich
Georgia Bar No. 242240
The Law Office of Craig J. Ehrlich, LLC
1123 Zonolite Road, N.E., Suite 7-B
Atlanta, Georgia 30306
Tel: (404) 365-4460
Fax: (855) 415-2480
craig@ehrlichlawoffice.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 26, 2020, I electronically submitted the foregoing Statement of Undisputed Facts with the Clerk of District Court, Northern District of Georgia using the electronic case filing system of the court, resulting in a true and correct copy of the same to be delivered via electronic mail upon the following counsel of record:

Paul J. Sieg, Esq.
Adam J. Klein, Esq.
Berry & Associates
2751 Buford Highway, Suite 600
Atlanta, GA 30324
psieg@mattberry.com
aklein@mattberry.com

/s/Craig J. Ehrlich
Craig J. Ehrlich

14

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1</u>

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

/s/Craig J. Ehrlich
Craig J. Ehrlich